**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**BLUEFIELD**

UNITED STATES OF AMERICA, and the STATE OF WEST VIRGINIA, by and through the WEST VIRGINIA DEPARTMENT OF ENVIRONMENTAL PROTECTION,

Plaintiffs,

v.

JAMES C. JUSTICE COMPANIES, INC., JAMES C. JUSTICE, II, and HIGH MOUNTAIN LIVING, LLC,

Defendants.

Civil Action No. 1:15-cv-16018

**COMPLAINT**

The United States of America ("United States"), on behalf of the United States Environmental Protection Agency ("EPA"); and the State of West Virginia ("the State"), by and through the West Virginia Department of Environmental Protection ("WVDEP") (collectively, "Plaintiffs"), file this Complaint and allege as follows:

**NATURE OF THE ACTION**

1. This is a civil action commenced under Section 309(b) and (d) of the Clean Water Act ("CWA"), 33 U.S.C. § 1319(b) & (d), and under Section 22 of the West Virginia Water Pollution Control Act ("West Virginia WPCA" or "WPCA"), W. Va. Code § 22-11-22. Plaintiffs seek injunctive relief and civil penalties against Defendants James C. Justice Companies, Inc., James C. Justice, II, and High Mountain Living, LLC, for violating Section 301 of the CWA, 33 U.S.C. § 1311, and Section 8 of the WPCA, W. Va. Code § 22-11-8, and

applicable regulations, by discharging dredged or fill material into waters of the United States and waters of the State at certain locations in the State of West Virginia (the "Sites") without a permit issued pursuant to Section 404 of the CWA, 33 U.S.C. § 1344, and without the necessary authorization under the West Virginia WPCA.

2. In this action Plaintiffs seek: (1) to enjoin the unauthorized discharge of pollutants into waters of the United States and the State at or from the Sites; (2) to require Defendants, at their own expense and at the direction of EPA, to restore and/or mitigate the impacts caused by the alleged unlawful activities; and (3) to require Defendants to pay civil penalties as provided in 33 U.S.C. § 1319(d) and W. Va. Code § 22-11-22.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action under CWA Section 309(b), 33 U.S.C. § 1319(b), and under 28 U.S.C. §§ 1331, 1345, 1355, and 1367.

4. Venue is proper in the United States District Court for the Southern District of West Virginia under 28 U.S.C. § 1391(b) and (c), as well as Section 309(b) of the CWA, 33 U.S.C. § 1319(b), because Defendants conduct business in the Bluefield Division of this District, the subject Sites are located in the Bluefield Division of this District, and the causes of action alleged herein arose primarily in the Bluefield Division of this District.

5. Because the State of West Virginia is a party to this Complaint, it has notice of the commencement of this action as required by Section 309(b) of the CWA, 33 U.S.C. § 1319(b).

///

///

///

**THE PARTIES**

6. Plaintiff United States of America, acting at the request and on behalf of the EPA, is vested with the authority to bring this action under 28 U.S.C. §§ 516 and 519, and 33 U.S.C. § 1366.

7. Plaintiff State of West Virginia, by and through the WVDEP, is vested with the authority to bring this action under W. Va. Code §§ 5-3-2 & -3, and 22-11-7 & -22.

8. Defendant James C. Justice, II, is an individual and the principal of Defendant James C. Justice Companies, Inc. On information and belief, Defendant James C. Justice directed and/or funded activities that resulted in the alleged discharges.

9. Defendant James C. Justice Companies, Inc., is a Delaware corporation. On information and belief, Defendant James C. Justice Companies, Inc., owns the Sites and directed and/or funded activities that resulted in the alleged discharges.

10. Defendant High Mountain Living, LLC, is a West Virginia limited liability corporation engaged in the construction business. On information and belief, Defendant High Mountain Living, LLC, performed the activities that resulted in the alleged discharges.

**STATUTORY BACKGROUND**

**The Clean Water Act**

11. Section 301(a) of the CWA, 33 U.S.C. § 1311(a), prohibits the "discharge of any pollutant," including dredged or fill material, by any person from any point source to navigable waters unless that discharge is authorized by a permit issued under CWA Section 402 or 404, 33 U.S.C. §§ 1342 & 1344.

12. Section 502(6) of the CWA, 33 U.S.C. § 1362(6), defines "pollutant" to include, *inter alia*, dredged spoil, rock, sand and dirt.

13. Section 502(14) of the CWA, 33 U.S.C. § 1362(14), defines "point source" to include "any discernible, confined and discrete conveyance . . . from which pollutants are or may be discharged."

14. Section 502(5) of the CWA, 33 U.S.C. § 1362(5), defines "person" to include "an individual, corporation, partnership, [or] association."

15. Section 502(7) of the CWA, 33 U.S.C. § 1362(7), defines "navigable waters" as "the waters of the United States, including the territorial seas." In turn, 33 C.F.R. § 328.3(a)(1), (2), (5) and (7) and 40 C.F.R. § 232.2 define "waters of the United States" to include: (i) all waters which are currently used, were used in the past, or may be susceptible to use in interstate or foreign commerce; (ii) all inter-state waters; and (iii) tributaries to such waters.

16. Section 404(a) of the CWA, 33 U.S.C. § 1344(a), authorizes the Secretary of the Army, acting through the Chief of Engineers, U.S. Army Corps of Engineers, to issue permits for the discharge of dredged or fill material to navigable waters at specified disposal sites.

17. Section 309(b) of the CWA, 33 U.S.C. § 1319(b), authorizes the EPA Administrator to commence a civil action for appropriate relief, including a permanent or temporary injunction, against any person who violates Section 301 of the CWA, 33 U.S.C. § 1311.

18. Section 309(d) of the CWA, 33 U.S.C. § 1319(d), authorizes the commencement of an action for civil penalties against any person who violates CWA section 301(a), 33 U.S.C. § 1311(a), and provides that any person who violates Section 301 shall be subject to a civil penalty payable to the United States of up to $25,000 per day for each violation.

19. Pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461 note, as amended by the Debt Collection Improvement Act of 1996, 31 U.S.C. §

3701 note, 69 Fed. Reg. 7121 (February 13, 2004), and 74 Fed. Reg. 626 (January 7, 2009), 40 C.F.R. Part 19, EPA may seek civil penalties of up $37,500 per day for each violation occurring after January 12, 2009.

**West Virginia Water Pollution Control Act**

20. Section 8 of the WPCA, W. Va. Code 22-11-8, prohibits the discharge of any pollutant by any person from a point source into waters of the State of West Virginia, except, inter alia, in compliance with applicable water quality standards, effluent limitations, and all other requirements of the WPCA.

21. Section 3 of the WPCA, W. Va. Code § 22-11-3, defines "pollutant" to mean, inter alia, "industrial wastes" and "other wastes," which include "any liquid, gaseous, solid or other waste substance, or a combination thereof, resulting from or incidental to any process of industry, manufacturing, trade or business, or from or incidental to the development, processing or recovery of any natural resources" and "all other materials and substances not sewage or industrial wastes which may cause or might reasonably be expected to cause or to contribute to the pollution of any of the waters of the state."

22. Section 22 of the WPCA, W. Va. Code § 22-11-22, authorizes WVDEP to commence a civil action for injunctive relief to compel compliance with and enjoin violations of any provision of the WPCA. Section 22 of the WPCA also provides that any person who violates any provision of the WPCA or any rule issued pursuant to the WPCA is subject to a civil penalty of up to $25,000 per day for each violation.

## GENERAL ALLEGATIONS

23. Defendants own, operate, and/or constructed twenty dams located along a span of approximately 1.5 miles in Turkey Creek and an unnamed tributary to Turkey Creek ("Turkey

Creek Impoundments"), located near County Route 13/3 near McGlone, Monroe County, West Virginia. The approximate locations of the Turkey Creek Impoundments are depicted in Exhibit A.

24. Beginning in 2011, Defendants, or persons acting on behalf of Defendants, constructed the Turkey Creek Impoundments by operating equipment which discharged dredged and/or fill material to waters of the United States located at the Sites, specifically, Turkey Creek and the unnamed tributary.

25. Turkey Creek and its unnamed tributary are relatively permanent waters that flow to, have a significant nexus with, and are tributaries to Indian Creek and other downstream waters, including the New River.

26. Turkey Creek and its unnamed tributary are "waters of the United States" and "navigable waters" under Section 502(7) of the CWA, 33 U.S.C. § 1362(7).

27. Defendants failed to obtain a CWA Section 404 permit from the Secretary of the Army authorizing the discharge of dredged and/or fill material into "waters of the United States" at the Sites, and failed to obtain authorization from the State for such discharges, in connection with the work described above.

**CLAIM FOR RELIEF**

28. Plaintiffs re-allege Paragraphs 1 through 27 and incorporate those allegations by reference.

29. Defendants are "persons" within the meaning of Section 502(5) of the CWA, 33 U.S.C. § 1362(5), and Section 3(14) of the WPCA, W. Va. Code § 22-11-3(14).

30. Through the activities described above, Defendants and/or persons acting on their behalf discharged dredged or fill material into waters of the United States and of the State.

31. The dredged or fill material discharged includes, among other things, dirt, rock and sand, all of which constitute "pollutants" as defined in CWA Section 502(6), 33 U.S.C. § 1362(6), and WPCA Sections 3(12) and 3(16), W. Va. Code §§ 22-11-3(12), (16).

32. At the Sites, Defendants and/or persons acting on their behalf used mechanized land-clearing and earth-moving equipment that resulted in the discharges. This equipment constitutes "point source[s]" as defined in Section 502(14) of the CWA, 33 U.S.C. § 1362(14), and in Section 3(15) of the WPCA, W. Va. Code § 22-11-3(15).

33. Defendants have discharged pollutants from various point sources into streams, rivers, and other waters of the United States at the Sites, within the meaning of Section 502(7) of the CWA, 33 U.S.C. § 1362(7), and within the meaning of the federal regulations implementing the CWA at 40 C.F.R. §§ 122.2, 232.2. Defendants have also discharged pollutants from various point sources into waters of the State at the Sites, within the meaning of W. Va. Code § 22-11-3(23).

34. Defendants did not obtain a permit from the Secretary of the Army, acting through the Chief of Engineers, for the discharges of dredged and/or fill material into waters of the United States at the Sites, as required by CWA Sections 301(a) and 404, 33 U.S.C. §§ 1311(a), 1344. In addition, Defendants discharged pollutants into waters of the State at the Sites without authorization from the State and in violation of the WPCA and its implementing regulations.

35. Defendants have violated and continue to violate CWA Section 301(a), 33 U.S.C. § 1311(a), and the WPCA, by their unauthorized discharges of pollutants, specifically dredged and/or fill material, into waters of the United States and waters of the State at the Sites.

36. The above-described unauthorized discharges of pollutants into waters of the United States or waters of the State constitutes separate violations at each Site, and each day that such material remains in place constitutes a separate violation of CWA Section 301(a), 33 U.S.C. § 1311(a), and the WPCA.

37. Under CWA Sections 309(b) and (d), 33 U.S.C. §§ 1319(b) & (d), and the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461 note, as amended by the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3701 note, 69 Fed. Reg. 7121 (February 13, 2004), and 74 Fed. Reg. 626 (January 7, 2009), 40 C.F.R. Part 19, Defendants are liable for civil penalties of up to $37,500 per day for each violation of CWA Section 301(a), 33 U.S.C. §1311(a). Under Section 22 of the WPCA, W. Va. Code § 22-11-22, Defendants are liable for civil penalties of up to $25,000 per day for each violation of the WPCA.

38. Unless enjoined, Defendants' discharges are likely to continue to remain in waters of the United States and the State at the Sites, in violation of CWA Section 301, 33 U.S.C. § 1311, and the WPCA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, the United States of America and the State of West Virginia, respectfully requests that this Court order the following relief:

I. That the Defendants be permanently enjoined from discharging pollutants into any waters of the United States or waters of the State except as expressly authorized by the CWA and WPCA;

II. That the Defendants be enjoined to undertake measures, at Defendants' own expense and at the direction of EPA, to effect complete restoration of the waters of the United

States and waters of the State at the Sites and/or to conduct off-site mitigation for irreversible environmental damage and/or temporal losses of aquatic resources, as appropriate;

III. That the Defendants be assessed civil penalties for each day of each violation at all Sites pursuant to Section 309(d) of the CWA, 33 U.S.C. § 1319(d), for Defendant's violations of CWA Section 301(a), and pursuant to Section 22 of the WPCA, W. Va. Code § 22-11-22, for Defendants' violations of the WPCA;

IV. That the United States and the State be awarded costs and disbursements in this action; and

V. That this Court grant such other relief as the Court may deem just and proper.

Respectfully submitted,

Dated: December 10, 2015

FOR THE UNITED STATES OF AMERICA:

JOHN C. CRUDEN
Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division

R. BOOTH GOODWIN II
United States Attorney for the
Southern District of West Virginia

*/s/ Austin D. Saylor*________________
AUSTIN D. SAYLOR
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
601 D Street, N.W., Suite 8000
Washington, DC 20004
Phone: (202) 514-1880
Fax: (202) 514-8865
saylor.austin@usdoj.gov

*/s/ Gary L. Call*________________
GARY L. CALL
Assistant United States Attorney
West Virginia State Bar No. 589

STEFANIA D. SHAMET
Office of Regional Counsel
U.S. Environmental Protection Agency, Region III
1650 Arch Street
Philadelphia, PA 19103

FOR THE STATE OF WEST VIRGINIA:

____________________________
SCOTT DRIVER, W.Va. Bar ID #9846
West Virginia Department of Environmental Protection
Office of Legal Services
601 57th Street SE
Charleston, WV 25304
Phone: (304) 926-0460 x 1453
Fax: (304) 926-0461
charles.s.driver@wv.gov