IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD

|  |  |
|---|---|
| UNITED STATES OF AMERICA, and the STATE OF WEST VIRGINIA, by and through the WEST VIRGINIA DEPARTMENT OF ENVIRONMENTAL PROTECTION,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES C. JUSTICE COMPANIES, INC., JAMES C. JUSTICE, II, and HIGH MOUNTAIN LIVING, LLC,<br><br>Defendants. | Civil Action No. 1:15-cv-16018 |

ENTERED
FEB 2 5 2016
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

## STIPULATION AND ORDER
## BETWEEN PLAINTIFFS AND DEFENDANT HIGH MOUNTAIN LIVING, LLC

WHEREAS, Plaintiffs the United States of America ("United States"), on behalf of the United States Environmental Protection Agency ("EPA"), and the State of West Virginia ("the State"), by and through the West Virginia Department of Environmental Protection ("WVDEP") (collectively "Plaintiffs"), filed the Complaint herein against the James C. Justice Companies, Inc. and James C. Justice, II ("Justice Defendants"), and High Mountain Living, LLC (collectively "Defendants"), alleging that Defendants violated Section 301(a) of the Clean Water Act ("CWA"), 33 U.S.C. § 1311(a), and the West Virginia Water Pollution Control Act ("West Virginia WPCA"), W. Va. Code Chapter 22, Article 11;

WHEREAS, the Complaint alleges that Defendants violated CWA Section 301(a) and Section 8 of the West Virginia WPCA, § 22-11-8, and applicable regulations by discharging

1

pollutants, including dredged or fill material, and/or controlling and directing the discharge of pollutants, including dredged or fill material, into waters of the United States and/or the State, without authorization, at certain locations along Turkey Creek and an unnamed tributary of Turkey Creek in Monroe County, West Virginia ("Sites"), as further depicted in Exhibit A to this Stipulation;

WHEREAS, Defendant High Mountain Living, LLC, does not admit any alleged violations or liability to Plaintiffs arising out of the transactions or occurrences alleged in the Complaint;

WHEREAS, the Plaintiffs and Defendant High Mountain Living, LLC, agree that settlement of the Plaintiffs' claims against High Mountain Living, LLC, without further litigation, is in the public interest;

WHEREAS, the Plaintiffs and Defendant High Mountain Living, LLC, further agree that the Court's approval of this Stipulation and Order ("Stipulation") is an acceptable means of resolving the Plaintiffs' claims against High Mountain Living, LLC, in this action;

NOW THEREFORE, before the taking of any testimony, without adjudication or admission of any issue of fact or law, except as provided in Paragraphs 1-3 below, and with the consent of the Plaintiffs and Defendant High Mountain Living, LLC, IT IS HEREBY ADJUDGED, ORDERED, AND DECREED as follows:

1. This Court has jurisdiction over the subject matter of these actions and over the parties pursuant to 28 U.S.C. §§ 1331, 1345, 1355, and 1367, and Section 309(b) of the CWA, 33 U.S.C. § 1319(b).

2. Venue is proper in the Southern District of West Virginia pursuant to CWA Section 309(b), 33 U.S.C. § 1319(b), and 28 U.S.C. § 1391(b) and (c), because Defendant

conducts business in this District, the subject Sites are located in this District, and the causes of action alleged herein arose primarily in this District.

3. Defendant High Mountain Living, LLC, waives service of process in accordance with the requirements set forth in the Federal Rules of Civil Procedure. High Mountain Living, LLC, will not be required to respond to the Complaint in conjunction with this Stipulation.

4. Defendant High Mountain Living, LLC, shall pay a civil penalty to the United States in the amount of Sixty-Two Thousand Five Hundred Dollars ($62,500.00), and to the State in the amount of Sixty-Two Thousand Five Hundred Dollars ($62,500.00), within 30 days of entry of this Stipulation and Order.

5. Defendant High Mountain Living, LLC, shall make the above-referenced payments to the United States by FedWire Electronic Funds Transfer ("EFT" or wire transfer) to the U.S. Department of Justice account in accordance with current electronic funds transfer procedures, referencing U.S.A.O. file number 2015V00107, EPA Region 3 and the DOJ case number 90-5-1-1-20019. Payment shall be made in accordance with instructions provided to Defendant High Mountain Living, LLC, by the Financial Litigation Unit of the United States Attorney's Office for the Southern District of West Virginia. Any payments received by the Department of Justice after 4:00 P.M. (Eastern Time) will be credited on the next business day.

6. At the time of the making the payment set forth in Paragraph 4, Defendant High Mountain Living, LLC, shall send by mail a copy of the EFT authorization form and the EFT transaction record, together with a transmittal letter stating that the payment is for the civil penalty owed pursuant to this Stipulation and Order in <u>United States of America, et al. v. James C. Justice Companies, et al.</u>, and referencing the DOJ case number 90-5-1-1-20019, to the Department of Justice and EPA at the following addresses:

      Austin Saylor
      Trial Attorney
      Environmental Defense Section
      Environment and Natural Resources Division
      U.S. Department of Justice
      P.O. Box 7611
      Washington, D.C. 20044-7611

      Stefania D. Shamet
      Senior Assistant Regional Counsel
      Water and General Law Branch
      Office of Regional Counsel
      United States Environmental Protection Agency
      Region III
      MC 3RC20
      1650 Arch St.
      Philadelphia, PA 19103-2029

Defendant High Mountain Living, LLC, shall also send a copy of the EFT form, transaction record, and transmittal letter by electronic mail to acctsreceivable.CINWD@epa.gov, and by mail to:

      EPA Cincinnati Finance Office
      26 Martin Luther King Drive
      Cincinnati, Ohio 45268

7.    Defendant High Mountain Living, LLC, shall make the payment to the State by certified or cashier's check to the WVDEP for deposit in the WVDEP's Water Quality Management Fund. The payment shall be mailed to:

      Chief Inspector
      Environmental Enforcement
      West Virginia Department of Environmental Protection
      601 57th Street, SE
      Charleston, WV 25304

8.    If the civil penalty amounts referenced in paragraph 4 are not fully paid within 30 days of the date of this Stipulation is entered by the Court, High Mountain Living, LLC shall pay

a stipulated penalty of One Thousand Dollars ($1,000.00) per day for each day that the payment is delayed beyond the due date. Interest shall continue to accrue on the unpaid balance of the civil penalty at the statutory judgment rate established by 28 U.S.C. § 1961. Stipulated penalties are due and payable within 30 days of the date of the demand for payment of the penalties by the United States. Penalties shall accrue as provided in this Paragraph 8 regardless of whether the United States has notified High Mountain Living, LLC, of the violation or made a demand for payment, but need only be paid upon demand. All penalties shall begin to accrue on the day after payment is due and shall continue to accrue through the date of payment.

9. All payments required by this Stipulation are penalties within the meaning of Section 162(f) of the Internal Revenue Code, 26 U.S.C. § 162(f), and are not a tax deductible expenditure for purposes of federal law.

10. This Stipulation and Order constitutes the entire agreement between the United States and High Mountain Living, LLC, and supersedes any prior or contemporaneous agreements, discussions, or representations, oral or written, with respect to the subject matter hereof.

11. The payment by High Mountain Living, LLC, under this Stipulation shall resolve the administrative and civil claims of the United States and WVDEP for the violations of the Clean Water Act and the West Virginia Water Pollution Control Act, and any rule or regulation promulgated in furtherance of same, that have been or could have been alleged in the Complaint based on the facts and circumstances set forth therein.

12. The United States and the WVDEP covenant not to sue or take administrative or civil action against High Mountain Living, LLC and its members (whether individually or in any corporate capacity) for any administrative or civil violations of the Clean Water Act and the

5

West Virginia Water Pollution Control Act, and any rule or regulation promulgated in furtherance of same, that have been or could have been alleged in the Complaint based on the facts and circumstances alleged therein.

13. This Stipulation in no way affects the rights of the United States or WVDEP to seek penalties or injunctive relief for any violations of federal law or WVDEP's rights to seek penalties or injunctive relief for any violations of State law other than any administrative or civil violations of the Clean Water Act and the West Virginia Water Pollution Control Act, including violations of any rule or regulation promulgated in furtherance of same, that have been or could have been alleged in the Complaint based on the facts and circumstances alleged therein.

14. Nothing in this Stipulation shall be construed to release High Mountain Living, LLC, or its agents, successors, or assigns from their respective obligations to comply with any applicable federal, state, or local law, regulation, or permit.

15. This Stipulation shall be lodged with the Court for a period of not less than 30 days for public notice and comment in accordance with 28 C.F.R. § 50.7 and the W. Va. Code R. § 47-10-16.2.c. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Stipulation disclose facts or considerations indicating that the Stipulation is inappropriate, improper, or inadequate. High Mountain Living, LLC, consents to entry of this Stipulation without further notice and agrees not to withdraw from or oppose entry of this Stipulation by the Court or to challenge any provision of the Stipulation, unless the United States has notified High Mountain Living, LLC, in writing that it no longer supports entry of the Stipulation.

16. This Stipulation shall constitute an enforceable judgment for purposes of post-judgment collection in accordance with Rule 69 of the Federal Rules of Civil Procedure, the

Federal Debt Collection Procedure Act, 28 U.S.C. §§ 3001-3308, and other applicable authority. The United States and WVDEP shall be deemed judgment creditors for purposes of collection of any unpaid amounts of the civil and stipulated penalties and interest. Further, High Mountain Living, LLC, shall be liable for attorney's fees and costs incurred by the United States and/or WVDEP in any litigation to collect any amounts due under this Stipulation but not paid by High Mountain Living, LLC.

17. Each party shall bear its own costs and attorneys' fees in this matter, except as provided in Paragraph 16, above.

18. This Stipulation and Order may be executed by the parties in separate counterparts, each of which when so executed and delivered shall be an original, but all such counterparts shall together constitute but one and the same instrument.

19. The undersigned representative of High Mountain Living, LLC, certifies that he is fully authorized to enter into the terms and conditions of this Stipulation and to execute and legally bind High Mountain Living, LLC, to it.

20. This Court retains jurisdiction to enforce this Stipulation and Order until such time that the United States and WVDEP provide notice to the Court that HML has made payment in accordance with Paragraphs 4-7.

SO ORDERED THIS 25th DAY OF FEBRUARY, 2016.

_____
United States District Judge
Southern District of West Virginia

ON BEHALF OF THE UNITED STATES:

JOHN C. CRUDEN
Assistant Attorney General
Environment and Natural Resources Division

_____  Dated: December 10, 2015
Austin Saylor
Trial Attorney
Environmental Defense Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 514-1880

U.S. ENVIRONMENTAL PROTECTION AGENCY

_____ Dated: 11/20/15
Mark Pollins, Director
Water Enforcement Division
Office of Civil Enforcement
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency

U.S. ENVIRONMENTAL PROTECTION AGENCY

_____  Dated: 12/7/15
Shawn M. Garvin
Regional Administrator
U.S. Environmental Protection Agency
Region III

ON BEHALF OF THE WEST VIRGINIA DEPARTMENT OF ENVIRONMENTAL PROTECTION:

_[signature]_      Dated: 11/20/15

Scott Mandriola
Director
Division of Water and Waste Management
West Virginia Department of Environmental Protection
601 57th Street Southeast
Charleston WV 25304
(304) 926-0499

_[signature]_      Dated: 11/23/15

Scott Driver
Associate Attorney
West Virginia Department of Environmental Protection
601 57th Street Southeast
Charleston WV 25304
(304) 926-0499

ON BEHALF OF DEFENDANT HIGH MOUNTAIN LIVING, LLC:

_____   Dated: 11-18-2015
Robert Rausenberger, Member
High Mountain Living, LLC


_____   Dated: 11/19/2015
Robert L. Hogan (WVSB No. 5979)
Bowles Rice, LLP
P.O. Box 1386
Charleston, WV 25325-1386
(304) 347-1100
*Counsel for High Mountain Living, LLC*

# Exhibit A

