# Exhibit 6

Declaration of Katelyn Almeter

| | |
|---|---|
| **From:** | John Sams <john_alta@msn.com> |
| **Sent:** | Wednesday, May 06, 2020 10:01 AM |
| **To:** | Almeter, Katelyn |
| **Subject:** | RE: Turkey Creek Site Monitoring |

Katelyn, I will get this to you by the end of the week.
Thanks, John


-------- Original message --------
From: "Almeter, Katelyn" <Almeter.Katelyn@epa.gov>
Date: 5/6/20 8:54 AM (GMT-05:00)
To: John Sams <john_alta@msn.com>
Cc: "Dinsmore, Andrew" <Dinsmore.Andrew@epa.gov>, "Shamet, Stefania" <Shamet.Stefania@epa.gov>
Subject: FW: Turkey Creek Site Monitoring

Good morning Mr. Sams,

I am following up on my last email as I haven't heard anything regarding the status of the Turkey Creek site. Now that the Spring weather is here I wanted to check in again regarding the site monitoring requirements. Do you anticipate any issues with the Spring monitoring event? I would appreciate an update regarding the site by May 13th. Please feel free to give me a call at 215-814-2797 should you have any questions or concerns.

Take care,
Katelyn


Katelyn Almeter
Clean Water Act, Section 404
Environmental Protection Agency - Region III
Enforcement & Compliance Assurance Division
1650 Arch Street (3ED31)
Philadelphia, PA 19103
215-814-2797


**From:** Almeter, Katelyn
**Sent:** Wednesday, March 25, 2020 3:41 PM
**To:** John Sams <john_alta@msn.com>
**Cc:** Shamet, Stefania <Shamet.Stefania@epa.gov>; Saylor, Austin (ENRD) <Austin.Saylor@usdoj.gov>; Dinsmore, Andrew <Dinsmore.Andrew@epa.gov>
**Subject:** Turkey Creek Site Monitoring

Good afternoon,

I hope you are doing well. Please see the attached letter with enclosure regarding the monitoring requirements for the Turkey Creek site in Monroe County, WV. Due to the current situation, a hardcopy letter will be sent once the

Philadelphia office has been reopened.  If you have any questions or wish to discuss, please feel free to give me a call at 215-814-2797.

Take care,
Katelyn

Katelyn Almeter
Clean Water Act, Section 404
Environmental Protection Agency - Region III
Enforcement & Compliance Assurance Division
1650 Arch Street (3ED31)
Philadelphia, PA 19103
215-814-2797

# Exhibit 7

Declaration of Katelyn Almeter

| | |
|---|---|
| **From:** | Almeter, Katelyn |
| **Sent:** | Tuesday, June 02, 2020 10:26 AM |
| **To:** | John Sams |
| **Subject:** | RE: Turkey Creek Site Monitoring |

Good morning,

I hope you are doing well.  It has been a few weeks and I just wanted to check in on the status of this.  Please feel free to give me a call if you wish to discuss.

Thank you,
Katelyn

Katelyn Almeter
Clean Water Act, Section 404
Environmental Protection Agency - Region III
Enforcement & Compliance Assurance Division
1650 Arch Street (3ED31)
Philadelphia, PA 19103
215-814-2797

**From:** John Sams <john_alta@msn.com>
**Sent:** Wednesday, May 06, 2020 10:01 AM
**To:** Almeter, Katelyn <Almeter.Katelyn@epa.gov>
**Subject:** RE: Turkey Creek Site Monitoring

Katelyn, I will get this to you by the end of the week.
Thanks, John

-------- Original message --------
From: "Almeter, Katelyn" <Almeter.Katelyn@epa.gov>
Date: 5/6/20 8:54 AM (GMT-05:00)
To: John Sams <john_alta@msn.com>
Cc: "Dinsmore, Andrew" <Dinsmore.Andrew@epa.gov>, "Shamet, Stefania" <Shamet.Stefania@epa.gov>
Subject: FW: Turkey Creek Site Monitoring

Good morning Mr. Sams,

I am following up on my last email as I haven't heard anything regarding the status of the Turkey Creek site.  Now that the Spring weather is here I wanted to check in again regarding the site monitoring requirements.  Do you anticipate any issues with the Spring monitoring event?  I would appreciate an update regarding the site by May 13th .  Please feel free to give me a call at 215-814-2797 should you have any questions or concerns.

Take care,

Katelyn

Katelyn Almeter
Clean Water Act, Section 404
Environmental Protection Agency - Region III
Enforcement & Compliance Assurance Division
1650 Arch Street (3ED31)
Philadelphia, PA 19103
215-814-2797

**From:** Almeter, Katelyn
**Sent:** Wednesday, March 25, 2020 3:41 PM
**To:** John Sams <john_alta@msn.com>
**Cc:** Shamet, Stefania <Shamet.Stefania@epa.gov>; Saylor, Austin (ENRD) <Austin.Saylor@usdoj.gov>; Dinsmore, Andrew <Dinsmore.Andrew@epa.gov>
**Subject:** Turkey Creek Site Monitoring

Good afternoon,

I hope you are doing well.  Please see the attached letter with enclosure regarding the monitoring requirements for the Turkey Creek site in Monroe County, WV.  Due to the current situation, a hardcopy letter will be sent once the Philadelphia office has been reopened.  If you have any questions or wish to discuss, please feel free to give me a call at 215-814-2797.

Take care,
Katelyn

Katelyn Almeter
Clean Water Act, Section 404
Environmental Protection Agency - Region III
Enforcement & Compliance Assurance Division
1650 Arch Street (3ED31)
Philadelphia, PA 19103
215-814-2797

# Exhibit 8

Declaration of Katelyn Almeter

# Almeter, Katelyn

| | |
|---|---|
| **From:** | Harry D. McKenzie <harrydmckenzie@gmail.com> |
| **Sent:** | Tuesday, December 08, 2020 4:43 PM |
| **To:** | Davis, Ginny |
| **Cc:** | Almeter, Katelyn; Shamet, Stefania |
| **Subject:** | Re: EPA contact information |

Got it, thanks! I didn't even notice. Lol

On Tue, Dec 8, 2020 at 4:41 PM Davis, Ginny <Davis.Ginny@epa.gov> wrote:

> Hi,
>
> You are welcome. Correction—I sent you Turkey creek, WV site information, not "turtle creek."
>
> Ginny
>
>
> **From:** Harry D. McKenzie <harrydmckenzie@gmail.com>
> **Sent:** Tuesday, December 08, 2020 4:33 PM
> **To:** Davis, Ginny <Davis.Ginny@epa.gov>
> **Cc:** Almeter, Katelyn <Almeter.Katelyn@epa.gov>; Shamet, Stefania <Shamet.Stefania@epa.gov>
> **Subject:** Re: EPA contact information
>
>
> Thank you again for your help!
>
> Harry
>
>
> On Tue, Dec 8, 2020 at 4:31 PM Davis, Ginny <Davis.Ginny@epa.gov> wrote:
>
>> Harry,
>>
>> Here are the Region 3 Office contacts for the Turtle Creek site:
>>
>> Shamet.stefania@epa.gov
>>
>> Phone: 215-814-2682

[Almeter.katelyn@epa.gov](mailto:Almeter.katelyn@epa.gov)

Phone: 215-814-2797



Ginny Davis

US EPA Region 3 Office

Public Information Center

**From:** Harry D. McKenzie <[harrydmckenzie@gmail.com](mailto:harrydmckenzie@gmail.com)>
**Sent:** Tuesday, December 08, 2020 4:26 PM
**To:** Davis, Ginny <[Davis.Ginny@epa.gov](mailto:Davis.Ginny@epa.gov)>
**Subject:** Re: EPA contact information


Thank you so much for your help!

Harry


On Tue, Dec 8, 2020 at 4:25 PM Davis, Ginny <[Davis.Ginny@epa.gov](mailto:Davis.Ginny@epa.gov)> wrote:

> Harry,
>
>
> I just copied you on an email that I sent to Melissa Raack. Melissa is the EPA contact person for the consent decree and she is part of the Water Enforcement division at the EPA office in DC. Once I learn of the contact for this site, I will share this information with you.
>
>
> Ginny
>
>
> Ginny L. Davis, M.S.Ed.
>
> Public Information Center Specialist, SEE Program
>
> U.S. EPA – Region 3

Office of Public Affairs (3CG00)

[1650 Arch Street](#)

[Philadelphia, PA](#)  [19103-2029](#)

[davis.ginny@epa.gov](#)

Phone:  215-814-2149

Fax:  215-814-5104



--

**Doug McKenzie, PE, Real Estate Broker, RPIC**
Geoweb, LLC
[302 Chestnut Hill Road](#)
[Summersville, WV 26651](#)
Mobile 304.539.6411

E-Mail: [harrydmckenzie@gmail.com](#)

--

**Doug McKenzie, PE, Real Estate Broker, RPIC**
Geoweb, LLC
[302 Chestnut Hill Road](#)
[Summersville, WV 26651](#)
Mobile 304.539.6411

E-Mail: [harrydmckenzie@gmail.com](#)

--

**Doug McKenzie, PE, Real Estate Broker, RPIC**
Geoweb, LLC
302 Chestnut Hill Road
Summersville, WV 26651
Mobile 304.539.6411
E-Mail: [harrydmckenzie@gmail.com](#)

# Exhibit 9

Declaration of Katelyn Almeter

| | |
|---|---|
| **From:** | David Willson <dwillson@navigatortechnical.com> |
| **Sent:** | Thursday, February 04, 2021 4:44 PM |
| **To:** | Almeter, Katelyn |
| **Subject:** | Re: Turkey Creek (1:15-cv-16018) |

This is a great question. I am still waiting on a contract for this work from the client. I could get out there next week and get a lot of this work completed but unfortunately no contract has been awarded.

> On Feb 4, 2021, at 4:33 PM, Almeter, Katelyn <Almeter.Katelyn@epa.gov> wrote:
>
>
> Good afternoon,
>
> I hope you are doing well and didn't get too much snow this week.  I just wanted to follow-up on our call from December 18, 2020, when we discussed the monitoring activities for the Turkey Creek site.  As it has been a few weeks, I was interested in getting some additional information on how those activities have been coming along.  Do you have an anticipated date when you believe the monitoring activities and subsequent report will be completed?  I would appreciate it if you could get back to me on status of the monitoring report and let me know the date that you anticipate submitting it to EPA by the end of the day on Friday, February 12, 2021.  Should you have any questions or concerns, please don't hesitate to reach out to me.
>
> Thank you,
> Katelyn
>
>
> ───────────────────────────────
>
> Katelyn Almeter
> Clean Water Act, Section 404
> Environmental Protection Agency - Region III
> Enforcement & Compliance Assurance Division
> 1650 Arch Street (3ED31)
> Philadelphia, PA 19103
> 215-814-2797
>
>
> ───────────────────────────────
>
> **From:** Harry D. McKenzie <harrydmckenzie@gmail.com>
> **Sent:** Wednesday, December 09, 2020 2:55 PM
> **To:** Almeter, Katelyn <Almeter.Katelyn@epa.gov>
> **Cc:** Shamet, Stefania <Shamet.Stefania@epa.gov>
> **Subject:** Re: Turkey Creek
>
> Thank you for your help!
> Harry D. McKenzie,PE
>
> On Wed, Dec 9, 2020 at 2:44 PM Almeter, Katelyn <Almeter.Katelyn@epa.gov> wrote:

1

Good afternoon,

Thank you for giving me a call this morning.  As we discussed, I have attached the requested information regarding the monitoring requirements for the Turkey Creek site.  This includes recent EPA correspondence outlining the monitoring requirements.  One additional note that I do want to make is that although I recognize that the index periods identified for the monitoring requirements have already passed for 2020, there are criteria for GLIMPSS in the winter that would allow for completion of that part of the monitoring requirements.  The winter index period is December-February.  The GLIMPSS technical report (https://dep.wv.gov/WWE/watershed/bio_fish/Documents/20110829GLIMPSSFinalWVDEPDOI.pdf) provides the winter derivation (section 8.7) and final metric and index scoring criteria by bioregion (section 8.8).

Please let me know if you have any questions.  I look forward to receiving your report.

Thanks,

Katelyn

Katelyn Almeter

Clean Water Act, Section 404

Environmental Protection Agency - Region III

Enforcement & Compliance Assurance Division

1650 Arch Street (3ED31)

Philadelphia, PA 19103

215-814-2797

--
**Doug McKenzie, PE, Real Estate Broker, RPIC**
Geoweb, LLC
302 Chestnut Hill Road
Summersville, WV 26651
Mobile 304.539.6411

E-Mail: [harrydmckenzie@gmail.com](mailto:harrydmckenzie@gmail.com)

# Exhibit 10

Declaration of Katelyn Almeter

# Almeter, Katelyn

| | |
|---|---|
| **From:** | Thomas Cook <tcook@navigatortechnical.com> |
| **Sent:** | Friday, December 18, 2020 9:37 AM |
| **To:** | Almeter, Katelyn |
| **Cc:** | David Willson; Harry D. McKenzie |
| **Subject:** | Contact info |

Hi Katelyn,

Thank you for taking time to talk with us today.  Your insight on the project was very helpful.

As promised, below is contact information for David Willson and myself.

We look forward to working with you.

Thomas

David Willson, MS, P.Biol. (ASPB, Alberta), Vice President, Principal Ecologist

Navigator Environnemental & Technical Services, Inc.

PO Box 401

Daniels, WV 25532

1 (304) 989-9737

dwillson@navigatortechnical.com

Thomas Cook, PG, President

Navigator Environmental & Technical Services, Inc.

3908 Teays Valley Road

Hurricane, WV 25526

1 (304) 539-8905

tcook@navigatortechnical.com

www.navigatortechnical.com

*This communication, including any attachments, may contain confidential and privileged information that is subject to the Navigator Environmental & Technical Services, Inc. Business Information Protection Policy. The information is intended solely for the use of the intended recipient(s). If you are not an intended recipient, you are prohibited from any use, distribution, or copying of this communication. If you have received this communication in error, please immediately notify the sender and then delete this communication in its entirety from your system.*

# Exhibit 11

Declaration of Katelyn Almeter



**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**
**REGION III**
**1650 Arch Street**
**Philadelphia, Pennsylvania 19103-2029**

04/15/2021

<u>**VIA ELECTRONIC MAIL AND UPS**</u>

Stephen W. Ball
General Counsel
302 South Jefferson Street
Roanoke, Virginia 24011
steve.ball@bluestoneindustries.com

Michael Callaghan
Law Offices of Neely & Callaghan
159 Summers Street
Charleston, West Virginia 25301
mcallaghan@neelycallaghan.com

Re:     *United States and West Virginia Department of Environmental Protection v.*
        *James C. Justice Companies, Inc., and James C. Justice, II,*
        Civil Action No. 1:15-cv-16018 (S.D. W. Va.)

Gentlemen:

I am writing regarding compliance with the Consent Decree entered on February 25, 2016, in the above-referenced matter. On March 12, 2018, in accordance with Paragraph 24 of the Consent Decree, the U.S. Environmental Protection Agency Region 3 ("EPA") approved with specified conditions the Potesta-drafted restoration plan that your clients submitted to EPA in April 2016. By operation of the Consent Decree, upon EPA's approval, the plan and specified conditions became incorporated into the Consent Decree. *See* Consent Decree ¶ 26.

Consistent with EPA's approval and specified conditions, your clients removed the twenty dams at issue in this matter during the summer of 2018. We appreciate your clients' efforts and the good quality work that went into the removal. There remain two outstanding deliverables under the Consent Decree. First, as set forth in the plan as approved with specified conditions and commencing April 2019, Defendants should have implemented a monitoring plan as detailed in EPA's conditional approval. Monitoring should have been conducted twice per year, in April and early July. The purpose of the monitoring is to determine whether the restoration conducted by your clients has achieved the performance criteria set forth in the specified conditions. Your clients should have been submitting monitoring reports to EPA within 60 days of each sampling event, beginning no later than June 29, 2019. Notwithstanding multiple reminders to your clients' consultants, EPA has not received any monitoring reports.

In addition, pursuant to Paragraph 29 of the Consent Decree, your clients were to have executed and recorded a deed restriction to ensure no further disturbance of the area. Notice of the recorded deed restriction should have been provided to EPA and the Department of Justice no later than August 23, 2016. On March 12, 2018, as part of its approval upon specified conditions, EPA acknowledged that

your clients may wish to place structures in the waters to enhance fishing conditions. EPA reminded you that any such activities presumably would entail discharges of dredged or fill material to the waters. Such discharges could not be authorized through the Consent Decree process and would require prior authorization from the U.S. Army Corps of Engineers pursuant to Section 404 the Clean Water Act, 33 U.S.C. § 1344 and any applicable state and/or local permits. EPA acknowledged that the sample deed restriction included as Appendix B to the Consent Decree would prohibit any such activities, but expressed its willingness to work with your clients on a revised form of deed restriction that would expressly allow for appropriate fishing enhancement activities. To date, neither EPA nor the Department of Justice has received notice that you have recorded a deed restriction pursuant to Paragraph 29.

Paragraph 46 of the Consent Decree calls for stipulated penalties of $1,000 per day for the first 30 days of non-compliance, $2,000 per day for next 30 days, and $3,000 per day thereafter, accruing from the first day after performance is due. Accordingly, stipulated penalties have been accruing with respect to the post-dam removal monitoring since at least June 30, 2019, and with respect to the Paragraph 29 since August 24, 2016, or at the very latest since September 9, 2018. This letter is ***not*** a demand for stipulated penalties pursuant to Paragraph 46. Nevertheless, EPA has not waived its right and reserves its ability to seek full stipulated penalties regarding these non-compliances.

Within 30 days, please provide to EPA all monitoring information collected to date at the Site and documentation evidencing that your client has recorded a deed restriction pursuant to Paragraph 29 of the Consent Decree. In addition, EPA expects to receive a monitoring report for Spring 2021 no later than June 29, 2021. The foregoing information should be sent by email to: Katelyn Almeter, Enforcement & Compliance Assurance Division at almeter.katelyn@epa.gov.

If you have other questions, please feel free to contact the attorney assigned to this matter, Stefania D. Shamet, at (215) 814-2682.

Sincerely,

KAREN
MELVIN

Digitally signed by
KAREN MELVIN
Date: 2021.04.15
10:39:40 -04'00'

Karen Melvin, Director
Enforcement and Compliance Assurance Division

cc:     Austin Saylor, USDOJ (Austin.Saylor@usdoj.gov)
        Susan Porter, USACE (Susan.A.Porter@usace.army.mil)

# Exhibit 12

Declaration of Katelyn Almeter



**U.S. Department of Justice**

Environment and Natural Resources Division

*Environmental Defense Section*
*P.O. Box 7611*
*Washington, DC 20044*

*Telephone (202) 514-1880*
*Facsimile (202) 514-8865*

February 10, 2017

**VIA E-MAIL AND U.S. MAIL FIRST-CLASS**

Dustin M. Deane
Associate General Counsel
James C. Justice Companies, Inc.
302 South Jefferson Street
Roanoke, Virginia 24011
dustin.deane@justicecorporation.com

Michael Callaghan
Law Offices of Neely & Callaghan
159 Summers Street
Charleston, West Virginia 25301
304-343-6500
mcallaghan@neelycallaghan.com

Re:     United States and West Virginia Department of Environmental Protection v.
        James C. Justice Companies, Inc., and James C. Justice, II,
        Civil Action No. 1:15-cv-16018 (S.D. W. Va.)

Gentlemen:

The United States Environmental Protection Agency, Region III ("EPA") continues to evaluate the compliance of the James C. Justice Companies, Inc., and James C. Justice, II (collectively the "Justice Defendants") with the Consent Decree entered in the above-referenced matter on February 25, 2016.

Paragraphs 23-26 of the Consent Decree set forth the Justice Defendants' obligations regarding restoration and mitigation. Pursuant to Paragraph 24, on April 28, 2016, Neely & Callaghan submitted on behalf of the Justice Defendants a document titled "Dam Structure Characterization and Removal Dams 11 Through 20, Turkey Creek (Middle New River Watershed), Monroe County, West Virginia" ("Partial Dam Removal Plan") authored by Potesta & Associates, Inc. ("Potesta"). EPA, in consultation with the West Virginia Department of Environmental Protection ("WVDEP"), reviewed the Partial Dam Removal Plan. On October 11, 2016, EPA sent a letter to Ms. Jessica Yeager of Potesta and to Mr. Michael Callaghan providing comments on the Partial Dam Removal Plan and stating that EPA could not approve the Plan because it was incomplete (both because it did not address all twenty dams and because it lacked certain

necessary information with regard to certain aspects of restoration, mitigation and post-construction monitoring).  In addition to its comments, EPA acknowledged that the Turkey Creek area had experienced significant flooding in June 2016 that may have altered conditions, and requested the Justice Defendants' views on that issue.  EPA's letter noted that Paragraph 25 of the Consent Decree required a response to EPA's comments within 60 days.

To date, EPA has not received any response to its comments on the Partial Dam Removal Plan.  EPA has contacted Potesta to determine the status of a response, and based upon those communications it is EPA's understanding that no response has been prepared.

We also have no record of having received confirmation from the Justice Defendants that they recorded deed restrictions for the sites, as required by Paragraph 29 of the Consent Decree.

Based on available information, the Justice Defendants appear to be in violation of the restoration and mitigation requirements set forth in Paragraphs 23-26 of the Consent Decree, and the deed restriction-related requirements of Paragraph 29 of the Consent Decree.  Among other potential remedies, such noncompliance subjects the Justice Defendants to stipulated penalties under the Consent Decree (see Paragraphs 46-48).  I attempted to contact Mr. Callaghan about these issues early last month, but missed his return call.  I again attempted to reach Mr. Callaghan on February 2, 2017, but as of the date of this letter have not spoken with him about these issues.  The United States requests that the Justice Defendants provide in writing by February 21, 2017, the status of their preparation of a response to EPA's October 11, 2016 comments.  The Justice Defendants must provide a substantive response to EPA's comments as soon as possible, but not later than March 20, 2017.  If we do not receive the requested written response regarding status by February 21, 2017, or if do not receive a substantive response to EPA's comments by March 20, 2017, the United States intends to seek appropriate relief from the Court.

In addition, in light of the above-noted flooding, the United States believes that a site visit may be necessary to allow EPA to consider current conditions prior to approval of a final plan.  Accordingly, pursuant to Paragraph 36 of the Consent Decree, please consider this letter to be notice that representatives of EPA intend to visit the Site on or about February 28, 2017 (weather permitting).

If your client has technical questions regarding the information contained in EPA's October 11, 2016 letter, please have them contact Todd Lutte, Wetlands Enforcement Coordinator, at (215) 814-2099.  If you have legal questions or would like to arrange a time to discuss this matter further, please indicate such in your written response, or feel free to contact me by telephone at (202) 514-1880.

Sincerely,

/s/ *Austin D. Saylor*
Austin D. Saylor
(202) 514-1880
austin.saylor@usdoj.gov


cc:     Stefania D. Shamet, U.S. EPA Region III ORC
        Melissa Raack, U.S. EPA OECA

# Exhibit 13

Declaration of Katelyn Almeter



**U.S. Department of Justice**

Environment and Natural Resources Division

---

*Environmental Defense Section*                                        *Telephone (202) 514-1880*
*P.O. Box 7611*                                                                *Facsimile (202) 514-8865*
*Washington, DC 20044*

December 11, 2017

<u>**VIA E-MAIL AND U.S. MAIL FIRST-CLASS**</u>

Dustin M. Deane
Associate General Counsel
James C. Justice Companies, Inc.
302 South Jefferson Street
Roanoke, Virginia 24011
dustin.deane@justicecorporation.com

Michael Callaghan
Law Offices of Neely & Callaghan
159 Summers Street
Charleston, West Virginia 25301
mcallaghan@neelycallaghan.com

> Re:    *United States and West Virginia Department of Environmental Protection v.*
> *James C. Justice Companies, Inc., and James C. Justice, II,*
> Civil Action No. 1:15-cv-16018 (S.D. W. Va.)

Gentlemen:

I write on behalf of the United States Environmental Protection Agency, Region III ("EPA") regarding the Consent Decree entered in the above-referenced matter on February 25, 2016. As we have previously discussed with you, several of your clients' obligations under the Decree are overdue. Most notably, the Decree requires an EPA-approved stream restoration plan. As described below, please be advised that EPA will soon approve with conditions the restoration plan that your clients submitted in April 2016.

**Background**

In my letter dated February 10, 2017, I noted the restoration and mitigation requirements of the Consent Decree,[1] as well as the requirement to record deed restrictions for the restored

---

[1] Paragraphs 23-26 of the Consent Decree set forth the Justice Defendants' obligations regarding restoration and mitigation. Pursuant to Paragraph 24, on April 28, 2016, Neely & Callaghan submitted on behalf of the Justice Defendants a document titled "Dam Structure Characterization and Removal Dams 11 Through 20, Turkey Creek (Middle New River Watershed), Monroe County, West Virginia" ("Partial Dam Removal Plan") authored by Potesta & Associates, Inc. ("Potesta"). EPA, in consultation with the

sites.[2]  At that time, EPA had not received any response to its October 2016 comments on the draft "Partial Dam Removal Plan."  Mr. Callaghan and I spoke by phone shortly after my February 10 letter, and Mr. Callaghan assured me that the Justice Defendants would ensure that Potesta would be adequately funded to continue its work and that the failure to adhere to Consent Decree obligations would be promptly remedied.  We appreciated your quick attention to the matter, which enabled Potesta representatives to accompany EPA staff on a February 28, 2017 site visit.  EPA observed that at least 16 of the 20 structures have partially failed, resulting in further sedimentation, loss of stream channel, adverse impacts to the biotic community, and the potential for instream temperature change.  Following that site visit, however, EPA did not receive a revised restoration plan from Potesta.  On July 24, 2017, EPA sent a letter to Potesta and Mr. Callaghan explaining its view that restoration of the stream could be accomplished in a relatively straightforward manner by removing the dams and stabilizing the original stream channel and floodplain.  EPA's letter also explained the key elements that the restoration plan should include.  EPA requested that Potesta submit such a plan by August 14, 2017, so that the work could be performed before September 15, 2017, to avoid in-water work during trout spawning season.

EPA has not received a substantive response to either its October 11, 2016 comments or its July 24, 2017 letter.  EPA has contacted Potesta to determine the status of a response, and based upon those communications it is EPA's understanding that Potesta prepared what it regards as an approvable plan, and submitted that plan for review by your clients in early September 2017.  However, the document has not been submitted to EPA.  I spoke with Mr. Callaghan in early October, and he informed me of Defendants' desire for EPA to impose a plan.  Mr. Callaghan suggested that equipment staged at The Greenbrier could be quickly mobilized to carry out such a plan.  While EPA will certainly be receptive to accommodating future opportunities for your clients to accomplish the required work as efficiently as possible, unfortunately dam removal work cannot commence this year due to trout spawning season and the need to perform work in low-water conditions.  As outlined below, EPA will soon approve the April 2016 plan with specified conditions, with the work to be completed no later than the end of summer 2018.

**Consent Decree Obligations**

Defendants have not yet satisfied (1) the restoration and mitigation requirements set forth in Paragraphs 23-26 of the Consent Decree, (2) the deed restriction-related requirements of Paragraph 29 of the Consent Decree, and (3) the written status report requirements of Paragraph 31 of the Consent Decree.  Among other potential remedies, such violations are subject to stipulated penalties under the Consent Decree (*see* Paragraphs 46-48).  This letter is not a demand for such penalties, and we remain committed to informal resolution of this matter

---

West Virginia Department of Environmental Protection ("WVDEP"), reviewed the Partial Dam Removal Plan.  On October 11, 2016, EPA sent a letter to Ms. Jessica Yeager of Potesta and to Mr. Michael Callaghan providing comments on the Partial Dam Removal Plan and stating that EPA could not approve the Plan because it was incomplete (both because it did not address all twenty dams and because it lacked certain necessary information with regard to certain aspects of restoration, mitigation and post-construction monitoring).  EPA's letter noted that Paragraph 25 of the Consent Decree required a response to EPA's comments within 60 days.

[2] Required by Paragraph 29 of the Consent Decree.

through EPA's conditional approval of the April 2016 plan. However, please be aware that the amount of stipulated penalties would be significant in the event that future proceedings to enforce the Decree become necessary. As set forth in the Decree, stipulated penalties accrue daily for each separate violation and begin accruing the day after performance is due or on the day of violation, whichever is applicable. The amounts are $1,000 per day per violation for the first 30 day, $2,000 per day per violation for the next 30 days, and $3,000 per day per violation thereafter. With regard to the failure to submit a restoration plan addressing EPA's October 2016 or July 2017 comments, we consider the plan to have most recently been due by August 31, 2017 (after several EPA-agreed extensions). With regard to the deed restriction requirements, those are more than a year overdue as of the date of this letter (due within 180 days after entry of the Decree (i.e., August 22, 2016)). The written status reports, which have never been submitted, were due on April 4, 2016, October 4, 2016, April 4, 2017, and October 4, 2017.

**EPA Conditional Approval of the April 2016 Restoration Plan**

In the interest of an informal and efficient resolution, and consistent with your clients' wish for EPA to impose a restoration plan, EPA plans to approve the April 2016 plan with "specified conditions." *See* Consent Decree ¶ 24. EPA will consult with the West Virginia Department of Environmental Protection, but the approved plan's conditions will likely include, at minimum, terms appropriate to address EPA's October 2016 and July 2017 comments. EPA will most likely require as part of the approved plan that: (1) the Justice Defendants retain an independent third-party professional engineer (i.e., licensed by the West Virginia State Board of Registration for Professional Engineers) to develop detailed specifications, and to evaluate and certify implementation of the plan, (2) the dam removal and restoration work commence in mid-July 2018 and be completed no later than August 15, 2018, and (3) deed restrictions on the relevant portions of the property be recorded within 90 days after the restoration work is certified to EPA as complete. EPA currently anticipates that it will issue its conditional approval of the restoration plan in January 2018. The approved plan will be an enforceable part of the Consent Decree. Consent Decree ¶ 26.

Thank you for your prompt attention to this matter, and please contact me if you have any questions or concerns.

Sincerely,

/s/ *Austin D. Saylor*
Austin D. Saylor
(202) 514-1880
austin.saylor@usdoj.gov

cc:    Stefania D. Shamet, U.S. EPA Region III ORC
       Jeremy Bandy, WVDEP
       Scott Driver, WVDEP