IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD

| | |
|---|---|
| UNITED STATES OF AMERICA, and the STATE OF WEST VIRGINIA, by and through the WEST VIRGINIA DEPARTMENT OF ENVIRONMENTAL PROTECTION,<br><br>    Plaintiffs,<br><br>    v.<br><br>JAMES C. JUSTICE COMPANIES, INC., JAMES C. JUSTICE, II, and HIGH MOUNTAIN LIVING, LLC,<br><br>    Defendants. | Civil Action No. 1:15-cv-16018 |

**STIPULATION AND ORDER REGARDING
PLAINTIFFS' MOTION TO ENFORCE CONSENT DECREE**

Plaintiffs the United States of America ("United States"), on behalf of the United States Environmental Protection Agency ("EPA"), and the State of West Virginia ("the State"), by and through the West Virginia Department of Environmental Protection ("WVDEP") (collectively "Plaintiffs"), and Defendants James C. Justice Companies, Inc., and James C. Justice, II, (collectively "the Justice Defendants") set forth the stipulation below and request that the Court enter their stipulation as an order of the Court:

WHEREAS, on September 8, 2021, Plaintiffs filed a Motion to Enforce the Consent Decree that was entered in this matter on February 25, 2016, to resolve alleged violations of Section 301(a) of the Clean Water Act, 33 U.S.C. § 1311(a), and the West Virginia Water Pollution Control Act, W. Va. Code Chapter 22, Article 11;

WHEREAS, Plaintiffs requested in their Motion to Enforce the Consent Decree, ECF No. 19, and accompanying filings, ECF Nos. 20–22, that the Court order the Justice Defendants to promptly remedy their noncompliance with certain aspects of the Consent Decree, ECF No. 3, including the requirements to perform post-restoration monitoring and to record deed restrictions to protect restored areas;

WHEREAS, the Justice Defendants have agreed to all of the relief requested in Plaintiffs' Motion to Enforce the Consent Decree, as specified below;

NOW THEREFORE, Plaintiffs and Defendants James C. Justice Companies, Inc., and James C. Justice, stipulate and agree as follows:

1. Within 30 days of the Court's entry of this Stipulation and Order, the Justice Defendants shall "make and record deed restrictions . . . for the Sites with the deed recording office for the county where the applicable parcel or parcels are located." Consent Decree ¶ 29. The deed restrictions "shall be substantially similar to the sample attached as Appendix B [to the Consent Decree], and shall provide that each deed, title, or other instrument conveying an interest in the subject parcel shall contain a notice stating that the property is subject to th[e] Consent Decree and shall reference the recorded location of the Consent Decree and any restrictions applicable to the property under th[e] Consent Decree." *Id.*

2. Within 60 days of the Court's entry of this Stipulation and Order, the Justice Defendants shall submit to EPA an initial post-restoration assessment report in accordance with the following specified conditions of EPA's March 12, 2018 approval of the Justice Defendants' September 2014 and April 2016 restoration plans: "[E]valuate Turkey Creek and report to EPA pursuant to Paragraph 23 of the Consent Decree whether additional restoration measures are needed and, if so, provide a post-removal restoration plan. Pursuant to Paragraph 24 [of the

Consent Decree], EPA will respond to this submission. [The Justice Defendants' post-restoration assessment report] evaluation should include the following:

- Whether the stream bank areas abutting each dam structure has been stabilized so as to avoid erosion beyond what would be expected under natural conditions.

- Whether the stream channel upstream and downstream of each dam structure location has reached equilibrium consistent with pre-construction channel, water surface, substrate, and bankfull height. Regional curves may be used to verify channel geometry.

- Whether the stream channel upstream and downstream of each dam structure location has connected with the floodplain consistent with what would be expected under natural conditions.

- A visual inspection of impacted stream reaches for issues with stability, bank erosion, failure of vegetative cover, or formation of depositional bars due to remaining flow alterations from dam removal.

- Whether the floodplain has stabilized."

3. Beginning in April 2022, and for ten years thereafter at the below-specified intervals, unless the parties otherwise agree to a shorter period, the Justice Defendants shall submit to EPA additional post-restoration monitoring reports that comply with the following conditions from EPA's March 12, 2018 restoration plan approval: "[I]mplement a monitoring plan consisting of:

- Use of five (5) sampling locations at riffles—
    - Closest riffle downstream of all the dams
    - One riffle within the area of the first 10 dams
    - One riffle between dams 20-11 and dams 10-1
    - One riffle within the area of the upstream 10 dams
    - The closest riffle in Turkey Creek upstream of all of the dams

- Monitoring to be conducted each . . . April and [e]arly July – one for the Spring Index Period and one for the Summer, commencing [in] Spring [2022] and for 3 years [thereafter]. If no significant degradation is found, sampling will continue yearly for the

        Spring Index Period and at the farthest downstream point. If degradation occurs, the 5 sites x 2 times per year schedule will continue.

- Monitoring reports submitted to EPA within 60 days of each sampling event.

- At each sampling point, the following should be conducted:

    o Collection of macroinvertebrate kicknet sample to be preserved and analyzed consistent with the Genus-Level Index of Most Probable Stream Status (GLIMPSS). *See* Pond GJ, Bailey JE, Lowman BM, Whitman MJ, 2012. Calibration and validation of a regionally and seasonally stratified macroinvertebrate index for West Virginia wadeable streams. Environ Mon Assess 185: 1515-1540. Replicate samples must be collected and made available to EPA upon request.

    o Conduct rapid bioassessment consistent with WV DEP 2015 Watershed Assessment Branch 2015 Field Sampling Standard Operating Procedures. Division of Water and Waste Management. Watershed Assessment Branch, Charleston, WV. . . .

    o Defendants must photograph all features upon which scoring is based and include all photographs with each monitoring report."

4.    Within 30 days of the Court's entry of this Stipulation and Order, the Justice Defendants shall pay the United States $5,000 for its expenses and costs, including attorneys' fees, incurred in connection with the Motion to Enforce the Consent Decree.

5.    The Justice Defendants shall make the above-referenced payment to the United States by FedWire Electronic Funds Transfer to the U.S. Department of Justice account in accordance with current electronic funds transfer procedures, referencing U.S.A.O. file number 2015V00107 and DOJ case number 90-5-1-1-20019. Payment shall be made in accordance with instructions provided to the Justice Defendants by the Financial Litigation Unit of the United States Attorney's Office for the Southern District of West Virginia. Any payments received by the Department of Justice after 4:00 P.M. (Eastern Time) will be credited on the next business day.

6. Nothing in this Stipulation and Order shall be construed to release the Justice Defendants, or their agents, successors, or assigns from their respective obligations to comply with any applicable federal, state, or local law, regulation, or permit.

7. The undersigned representatives of the parties certify that they are fully authorized to enter into the terms and conditions of this Stipulation and Order and to execute and legally bind themselves to it.

8. This Court retains jurisdiction to enforce this Stipulation and Order, and the underlying Consent Decree, until such time that the Decree is terminated pursuant to Consent Decree Paragraph 61.

IT IS SO STIPULATED.

FOR THE UNITED STATES OF AMERICA

TODD KIM
Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division

LISA G. JOHNSTON
Acting United States Attorney for the
Southern District of West Virginia

*/s/ Austin D. Saylor*
AUSTIN D. SAYLOR
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
Phone: (202) 598-7867
austin.saylor@usdoj.gov

*/s/ Fred B. Westfall, Jr.*
FRED B. WESTFALL, JR.
Assistant United States Attorney
West Virginia State Bar No. 3992
300 Virginia Street East, Room 4000
Charleston, WV 25301
Phone: (304) 345-2200
Fax:    (304) 347-5440
fred.westfall@usdoj.gov

FOR THE STATE OF WEST VIRGINIA

KATHERYN D. EMERY
Acting Director
Division of Water and Waste Management
West Virginia Department of Environmental
    Protection

*/s/ Scott Driver*
Scott Driver (WV Bar ID #9846)
West Virginia Department of Environmental
    Protection
601 57th Street Southeast
Charleston, West Virginia 25304
Telephone: (304) 926-0499
Facsimile: (304) 926-0461
charles.s.driver@wv.gov

FOR JAMES C. JUSTICE COMPANIES, INC., and
JAMES C. JUSTICE, II,

/s/ Michael W. Carey
Michael W. Carey (WVSB No. 635)
David R. Pogue (WVSB No. 10806)
Carey, Douglas, Kessler & Ruby, PLLC
707 Virginia Street, East
901 Chase Tower
Charleston, West Virginia 25301
Telephone: (304) 345-1234
mwcarey@csdlawfirm.com
dpogue@cdkrlaw.com

IT IS SO ORDERED.

DATED: _____

                                                  _____
                                                  HON. DAVID A. FABER
                                                  United States District Judge